**Leslie T. HOLMES, Plaintiff–Appellant**

v.

**Carolyn W. COLVIN, Acting Commissioner of Social Security, Defendant–Appellee.**

**No. 13–40486**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Feb. 20, 2014.

Peter F. Doyle, Jr., Port Arthur, TX, for Plaintiff–Appellant.

Martin Wayne Long, Assistant Regional Counsel, William Winston Newbill, Assistant General Counsel, Social Security Administration Office of the General Counsel Region VI, Dallas, TX, for Defendant–Appellee.

---

Before JOLLY, SMITH, and
CLEMENT, Circuit Judges.

PER CURIAM: *

Leslie T. Holmes filed suit in federal
district court under § 205(g) of the Social
Security Act, 42 U.S.C. § 405(g). He ap-
peals the district court's affirmance of the
Commissioner of Social Security's partial-
ly-favorable decision, which found that he
was disabled and entitled to certain bene-
fits from May 31, 2002 through March 3,
2009, but not thereafter. Holmes claims
that he was entitled to continuing disabili-
ty benefits after March 3, 2009, and that
the administrative law judge's decision
finding otherwise lacked substantial evi-
dence, failed to develop the administrative
record, and incorrectly weighed the evi-
dence. We hold that neither the adminis-
trative law judge ("ALJ") nor the Appeals
Council erred, and affirm the district
court's decision.

"Our standard of review of social securi-
ty disability claims is exceedingly deferen-
tial and limited to two inquiries: whether
substantial evidence supports the ALJ's
decision, and whether the ALJ applied the
proper legal standards when evaluating
the evidence." *Taylor v. Astrue,* 706 F.3d
600, 602 (5th Cir.2012). Evidence is "sub-
stantial" when it is enough for a reason-
able mind to support the conclusion. *Id.*
This court has held that "[t]he evidence
'must be more than a scintilla, but it need
not be a preponderance.'" *Id.* (quoting
*Leggett v. Chater,* 67 F.3d 558, 564 (5th
Cir.1995)). Findings of fact supported by
substantial evidence are conclusive, and we

"may not reweigh the evidence in the rec-
ord, nor try the issues *de novo,* nor substi-
tute [our] judgment" for that of the Com-
missioner. *Bowling v. Shalala,* 36 F.3d
431, 434 (5th Cir.1994).

The ALJ's decision stated that from
May 31, 2002 through March 2, 2009,
Holmes was unable to perform past rele-
vant work, and that there were no jobs
that existed in significant numbers in the
national economy that he could have per-
formed. But it also found that Holmes
experienced medical improvement related
to his ability to work as of March 3, 2009.
Specifically, it stated that since March 3,
2009 the "claimant has had the residual
functional capacity [RFC] to perform and
maintain a limited range of sedentary
work," and that he regained the RFC to
perform an eight-hour workday without
missing more than twelve days from his
employment in a calendar year.

We hold that the ALJ reached his con-
clusions based on substantial evidence.
The record shows that he ordered a con-
sultative examination by Dr. George Isaac,
who considered Holmes's medical history.
The ALJ considered the medical evidence,
including Dr. Isaac's findings, in reaching
his RFC conclusions. Because "we have
consistently held that the [Commissioner],
not the courts, has the duty to weigh the
evidence, resolve material conflicts in the
evidence, and decide the case," we will not
overturn the ALJ's RFC determination
that Holmes was able to return to the
workforce, albeit in a limited capacity.
*Johnson v. Bowen,* 864 F.2d 340, 347 (5th
Cir.1988).

We also hold that both the ALJ and the
Appeals Council properly considered and
handled Holmes's post-hearing and post-
decision evidence, and that the ALJ acted
within his discretion in interpreting the

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

evidence before him. Holmes entered into evidence examination reports by Dr. Kim Garges to support his claim of continued disability. But the ALJ discussed the competing evidence at length in his decision, comparing the observations and findings of Dr. Isaac and Dr. Garges. He concluded: "In short, with respect to the period since March 3, 2009, the undersigned gives greater weight to Dr. Isaac's findings and opinions than to those of Dr. Garges." Because "the ALJ 'is entitled to determine the credibility of medical experts as well as lay witnesses and weigh their opinions accordingly,'" we hold that he did not commit reversible error in his weighing of the evidence. *Greenspan v. Shalala,* 38 F.3d 232, 237 (5th Cir.1994) (quoting *Scott v. Heckler,* 770 F.2d 482, 485 (5th Cir.1985)).

For the foregoing reasons, the decision of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.